PITTSBURGH ELECTRIC SPECIALTIES COMPANY, INC., Respondent, *v.* LOUIS ROSENBAUM, Appellant.

(Supreme Court, Appellate Term, First Department, February, 1918.)

Judgments — when reversed — foreign corporations — contracts — appeal.

A judgment in favor of a foreign corporation, not authorized to do business in this state, for the purchase price of goods sold under a contract in this state, must be reversed and the complaint dismissed.

Appeal by defendant from a judgment of the Municipal Court of the city of New York in favor of plaintiff for $327.55 and costs.

Samuel R. Wachtell, for appellant.

Isaac Josephson, for respondent.

Finch, J. The action is for the purchase price of iron goods sold by the plaintiff to the defendant. There is no question about the justness of plaintiff's claim, and the dispute is as to whether plaintiff was doing business in this state, and whether the contract sued on was made in this state.

Plaintiff is a Pennsylvania corporation dealing in electrical specialties. It is uncontradicted that it maintains a branch office in New York city in which is located the general sales manager of the company. The branch consisted of a loft which had plaintiff's name on signs, and also a sign "shipping department." There were six men employed in the branch, namely, two salesmen and four others, and there was carried in the branch a stock of plaintiff's merchandise from which, to some extent, orders were filled. Plaintiff maintained a bank account in New York for the benefit of the branch, but carried under the name of an employee. Some payments at least were made by customers at the branch office. The branch has been maintained for three or four years. There were special letter-heads for the use of the branch. Plaintiff's name was listed in the telephone book. From all these circumstances it appears that plaintiff was doing business in New York.

On the question of where the contract was made, plaintiff's general sales manager, who was located in the branch in New York city, wrote defendant the

Appellate Term, First Department, February, 1918.    [Vol. 102.

letter, Exhibit B, inclosing a form of contract which defendant was to sign. Defendant copied the form upon his own letter-head, signed it and returned it to the sales manager in the branch. From a reading of these two letters, it is apparent that the contract was made here, though there was an attempt to prove that the contract had to be approved at the home office before becoming effective.

It follows that plaintiff was doing business here without having obtained a license, and therefore the judgment should be reversed, with thirty dollars costs of this appeal, and complaint dismissed, with costs in the court below.

Weeks, J., concurs.

Lehman, J. (dissenting). It seems to me that the evidence that the plaintiff was doing business in this state was so inconclusive that the trial justice properly held that the defense was not sufficiently proven. Even if, however, we assume that the trial judge was bound to hold as a matter of law that the plaintiff was doing business in this state, I think the judgment should be reversed and a new trial ordered and the complaint should not be now dismissed. In order to make a complete defense the defendant was bound to prove not only that the plaintiff was doing business in this state but that the contract was made here. The letter signed by the defendant was addressed to the Pittsburgh Electric Specialties Company, Pittsburgh, Penn. It is in form merely an order and on its face constituted rather an offer than the acceptance of an offer. Regarded as an offer addressed to a corporation at Pittsburgh and requiring an acceptance by that corporation before it could become effective, it would show no contract made within this state. On the other

hand, as Mr. Justice Finch points out, the letter was actually returned to the sales manager in the New York branch and was written in answer to a letter signed by that sales manager and sent from the New York office. If those letters stood alone without explanation and it was claimed by the plaintiff that they constituted together the contract, I would agree with Mr. Justice Finch that the contract was made here. The plaintiff, however, testified that he stated to the defendant that his letter must be sent to Pittsburgh for approval and I think if this testimony be true, and a letter of approval was thereafter sent from the Pittsburgh office, the contract may well be held to have been made in Pittsburgh in spite of certain statements in plaintiff's own letter from New York that immediately upon the signing of the order by the defendant the plaintiff was to deliver a small part of the goods called for by the order. It is true that even if I am right in this contention the judgment cannot be affirmed on the present record. The plaintiff claims that the defendant's order was to become effective only upon approval from the Pittsburgh office. Without such approval there would obviously be, under its theory, no contract at all. The plaintiff tried to prove the sending of a letter by the Pittsburgh office to the defendant but this letter was excluded upon technical objections made by the defendant. In the absence of proof of such approval this court cannot determine that a contract was made in Pittsburgh. Upon a new trial, however, this proof may be supplied.

Judgment should therefore be affirmed or, if reversed, a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, with costs.